UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOHN C. AUSTERMAN,

    Petitioner,

vs.

ISIDRO BACA, *et al.*,

    Respondents.

Case No. 3:15-cv-00287-RCJ-WGC

**ORDER**

    John C. Austerman, a Nevada prisoner, has submitted a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (ECF No. 1-1). Petitioner's application to proceed *in forma pauperis* (ECF No. 1) is granted. The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Habeas Cases, and the petition shall be served upon the respondents.

    A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2244(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

    Also before the court is petitioner's motion for the appointment of counsel (ECF No. 1-3). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993).

The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). Here, the court notes that an inmate law clerk attached an affidavit to the motion for counsel that states that he assisted petitioner in preparing the petition and that petitioner lacks the mental capacity to do so on his own (ECF No. 1-3, p. 5). However, the petition in this action appears sufficiently clear in presenting the issues that petitioner wishes to raise, and this court is not persuaded at this time by a vague assertion that petitioner lacks mental or legal capacity that counsel is warranted. Petitioner's motion is denied without prejudice.

**IT IS THEREFORE ORDERED** that petitioner's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall **FILE** and **ELECTRONICALLY SERVE** the petition (ECF No. 1-1) on respondents.

**IT IS FURTHER ORDERED** that respondents shall file a response to the petition, including potentially by motion to dismiss, within **ninety (90) days** of service of the petition, with any requests for relief by petitioner by motion otherwise being subject to the normal briefing schedule under the local rules. **Any response filed shall comply with the remaining provisions below, which are entered pursuant to Habeas Rule 4.**

**IT IS FURTHER ORDERED** that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except as to any unexhausted claims clearly lacking merit. If respondents seek dismissal of unexhausted claims under

§ 2254(b)(2): (a) they shall do so within the single motion to dismiss **not** in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

**IT IS FURTHER ORDERED** that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

**IT IS FURTHER ORDERED** that any additional state court record exhibits or other exhibits filed herein by either petitioner or respondents shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment.

**IT IS FURTHER ORDERED** that the parties **SHALL SEND** courtesy copies of all exhibits to the **Reno** Division of this court. **While the Local Rules provide that parties should send paper courtesy copies of filings over fifty pages, in this instance, courtesy copies may be in paper form or as PDF documents saved to a CD–so long as each PDF is clearly identified by exhibit number.** Courtesy copies shall be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label. Additionally, in the future, all parties shall provide courtesy copies of any additional exhibits submitted to the court in this case, in the manner described above.

**IT IS FURTHER ORDERED** that the Clerk shall file petitioner's motion for appointment of counsel (ECF No. 1-3).  The motion for appointment of counsel is **DENIED** without prejudice.

DATED: This 9th day of November, 2015.

_____
UNITED STATES DISTRICT JUDGE