UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN C. AUSTERMAN,<br><br>                Petitioner,<br>v.<br>ISIDRO BACA, et al.,<br><br>                Respondents. | Case No. 3:15-cv-00287-RCJ-WGC<br><br>ORDER |

Petitioner John C. Austerman's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 is before the court on respondents' motion to dismiss (ECF No. 10). Austerman opposed, and respondents replied (ECF Nos. 22, 23). Austerman then filed what he styled as an "errata," which respondents moved to strike (ECF Nos. 24, 25).

**I.     Procedural History and Background**

On December 21, 2009, a jury convicted Austerman of burglary in Case No. CR09-1644; he was adjudicated a habitual criminal and sentenced to life in prison with the possibility of parole after ten years (exhibit 36).[1]

On June 30, 2010, Austerman was convicted, pursuant to a guilty plea, of two counts of burglary and one count of possession of a stolen motor vehicle in Case No. CR10-0243.  Exh. 77.  The state district court again adjudicated him a habitual criminal and sentenced him to three concurrent terms of life with the possibility of parole after ten years, concurrent to Case No. CR09-1644. *Id.*

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 10, and are found at ECF Nos. 11-17.

1

The Nevada Supreme Court reversed Austerman's conviction in Case No. CR09-1644 and remanded. Exh. 84. The district attorney then moved to dismiss the charges. Exh. 93.

Austerman did not file an appeal in Case No. CR10-0243. Austerman filed a state postconviction petition for a writ of habeas corpus on March 17, 2011. Exh. 98. Counsel was appointed, and a supplemental petition was filed. Exhs. 113, 108. Ultimately, on July 23, 2014, the Nevada Supreme Court affirmed the denial of the petition, and remittitur issued on August 21, 2014. Exhs. 141, 142.

Austerman does not indicate what date he dispatched his federal habeas petition for filing, but he signed the petition on May 25, 2015 (ECF No. 4). Respondents now move to dismiss the petition (ECF No. 10).

## II. Instant Petition is Time-barred

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Further, a properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2).

A petitioner may be entitled to equitable tolling of the limitations period if he can show "'(1) that he has been pursuing his right diligently, and that (2) some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2009) (quoting prior authority). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal

2

relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

Ignorance of the one-year statute of limitations does not constitute an extraordinary circumstance that prevents a prisoner from making a timely filing. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

Here, the time period for seeking direct review expired thirty days after Austerman's June 30, 2010 judgment of conviction. Thus, from and including July 31, 2010, to and including March 17, 2011 – the date Austerman filed his state postconviction petition -- 230 days of the AEDPA limitation period passed.

Remittitur issued on the Nevada Supreme Court's affirmance of the denial of Austerman's state postconviction petition on August 21, 2014. Exh. 142. From August 22, 2014 until the May 25, 2015, the date that Austerman is deemed to have mailed his federal habeas petition, 277 days passed. Thus, a total of 507 days of untolled time passed when Austerman mailed his federal habeas petition. Austerman's federal petition, therefore, was filed nearly five months after the AEDPA one-year limitation period expired.

In his opposition to the motion to dismiss, Austerman incorrectly relies on *Carey v. Saffold*, 536 U.S. 214 (2002) in support of his argument that all of the time from when the time period to seek direct appeal expired until remittitur issued on the affirmance of the denial of his state postconviction petition should be tolled (ECF No. 22). However, it is clear that pursuant to 28 U.S.C. § 2244(d)(2), after the expiration of the time to seek direct review, only a properly filed petition for state postconviction relief can toll the period of limitations. Thus, there is no basis to toll the 230 days between when the time to seek direct appeal expired and the date that Austerman filed his state postconviction petition.

3

Respondents pointed out this error in their reply in support of the motion to dismiss (ECF No. 23).  Thereafter, Austerman filed what he styled an "errata" and asserted, for the first time, that after he was sentenced in Case No. CR10-0243 he informed his counsel that he wanted to appeal his adjudication as a habitual criminal (ECF No. 24). He states that when he did not hear from his attorney Mike Roth within thirty days, he attempted to call Roth approximately fifteen times over a four-month period.  He alleges that from November 2010 to February 2011, he wrote letters to Roth that went unanswered.   Austerman argues that "based upon [these] facts" this court should determine that Roth affirmatively led Austerman to believe that Roth would file the notice of appeal, and therefore, that Austerman is entitled to equitable tolling.  *Id.* Finally, Austerman adds that the Nevada State Prison implemented a law library paging system and he had no physical access to the law library from June 30, 2010, to March 17, 2011.  He contends that during that time period he had no access to any law librarians or other trained persons who could assist him with a state postconviction petition or advise him of the AEDPA statute of limitations.  *Id.*  He also alleges that after remittitur issued on the affirmance of the denial of his state postconviction petition, from August 21, 2014 to June 1, 2015, he was similarly hindered from completing a federal habeas petition because he had no physical access to the law library and no access to any law librarians or other trained persons who could assist him with a federal petition or advise him of the AEDPA statute of limitations at Northern Nevada Correctional Center.  *Id.*

First, respondents are correct that the "errata" is not properly before this court. Austerman did not seek leave to file a surreply, nor is the "errata" a surreply, instead it raises completely new arguments for the first time.  Second, Austerman's allegations that he did in fact ask his plea counsel to file a direct appeal—which Austerman attempts to raise for the first time after full briefing of the motion to dismiss—lack credibility.  The court also notes that, even with Austerman's 230-day delay in filing his

4

state postconviction petition, about 4 ½ months remained after remittitur of unexpired AEDPA time. Finally, Austerman acknowledges that he was either unaware of or lacked full understanding of the AEDPA statute of limitations. However, ignorance of the one-year statute of limitations does not constitute an extraordinary circumstance that prevents a prisoner from making a timely filing. *See Rasberry*, 448 F.3d at 1154 ("a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"). The threshold to demonstrate that equitable tolling is warranted is high, and Austerman has presented no credible basis for this court to find that any part of the AEDPA statute of limitations should be tolled. *Miles*, 187 F.3d at 1107; *Miranda*, 292 F.3d at 1066.

Accordingly, Austerman's petition is dismissed as untimely.

### III.   Certificate of Appealability

As the petition is dismissed in its entirety, this is a final order adverse to the petitioner. As such, Rule 11 of the Rules Governing Section 2254 Cases requires this court to issue or deny a certificate of appealability (COA). Accordingly, the court has *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id*.

5

Having reviewed its determinations with respect to Austerman's petition, the court finds that none meets the *Slack* standard. The court therefore declines to issue a certificate of appealability.

### IV. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 10) is **GRANTED**. The petition is dismissed as time-barred.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that respondents' motion to strike errata (ECF No. 25) is **GRANTED**. The errata SHALL BE STRICKEN.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and close this case.

Dated: This 16th day of February, 2017.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE